UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

**ROBERT TODD**,

    **Plaintiff**,

**vs.**                                            Case No. 8:03-CV-2466-T-EAJ

**JO ANNE B. BARNHART,
Commissioner of
Social Security**,

    **Defendant**.
_____/

<u>**ORDER**</u>

Before the court is Plaintiff's **Petition for Attorney's Fees** (Dkt. 16), filed April 11, 2005.

Plaintiff requests an award of attorney's fees in the amount of $1,618.75 and reimbursement for filing fees in the amount of $150.00, for a total of $1,768.75 pursuant to the Equal Access to Justice Act (hereinafter "EAJA" or "the Act"), 28 U.S.C. § 2412(d) (1992). Defendant does not oppose Plaintiff's request (Dkt. 16 at 2).

The amount requested by Plaintiff, to which Defendant agrees, represents 4.45 hours at a rate of $125.00 per hour for work completed by attorney Michael A. Steinberg and 8.50 hours at a rate of $125.00 per hour for work completed by attorney Dennis Wasitis.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not

"substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A).

This court's opinion of February 9, 2005 (Dkt. 14) granting Plaintiff's motion to remand this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the government's position was not substantially justified.

The EAJA requires that a party seeking an award of fees submit to the court an application for such fees "within thirty days of final judgment in the action." § 2412(d)(1)(B).

The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the filing period begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298; See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeal period has run).

Judgment for Plaintiff was entered on February 10, 2005 (Dkt. 15), Plaintiff's motion for attorney's fees (Dkt. 16) was filed on April 11, 2005. Thus, Plaintiff's motion falls within the time-

frame for filing an EAJA application. Accordingly, this court has jurisdiction to award the requested fees. Moreover, because the government does not object to the amount Plaintiff requests and has not filed a memorandum of law in opposition to the relief requested, this court will grant Plaintiff's request for attorney's fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1) Plaintiff's **Motion for Attorney's Fees** (Dkt. 29) is **GRANTED;** and

2) Plaintiff's counsel, Michael A. Steinberg and Associates, shall be awarded $1,768.75 in attorney's fees and costs as itemized above.

**DONE** and **ORDERED** in Tampa, Florida this 18th day of May 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

3